IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| ABBY LYNN MEYER,<br><br>　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner<br>of the Social Security Administration,<br><br>　　　Defendant. | Case No. 21-2353-DDC |

# MEMORANDUM AND ORDER

Before the court is plaintiff Abby Lynn Meyer's Motion For Leave to File Complaint In Forma Pauperis (Doc. 3), docketed August 16, 2021.[1] Ms. Meyer's Complaint asks the court to review an unfavorable decision from the Commissioner of the Social Security Administration about her request "for Social Security Disability and disability insurance benefits[.]" Doc. 1 at 1 (Compl. ¶ 1); *see also id.* (Compl. ¶ 2) ("The Unfavorable Decision was not based on substantial evidence in the record[.]"). Ms. Meyer's Motion for Leave to File Complaint In Forma Pauperis

---

[1] There are two ancillary issues worth noting about plaintiff's Complaint (Doc. 1) and her Motion for Leave to File Complaint In Forma Pauperis (Doc. 3). *First*, the Complaint and pending motion both mention the defendant—Kilolo Kijakazi, "the Commissioner of the Social Security Administration[.]" Doc. 1 at 1 (Compl. ¶ 1); *see also* Doc. 3 at 1. In fact, Kilolo Kijakazi is the *Acting* Commissioner of the Social Security Administration. *See* U.S. Soc. Sec. Admin., http://www.ssa.gov/agency/commissioner/ (last visited Aug. 17, 2021); *see also O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web." (citations omitted)). So, the court takes judicial notice of this factual detail and has adjusted this case's caption in this Order. *Second*, plaintiff's Motion for Leave to File Complaint In Forma Pauperis (Doc. 3) references an individual named "Everhart." *See* Doc. 3 at 1. This appears to reflect a typographical error, likely because plaintiff's counsel represents an individual by this name in a separate case in our court. *See* Compl., *Everhart v. Saul.*, No. 2:21-cv-02298-JAR (D. Kan. July 6, 2021), ECF No. 1; *see also Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020) (explaining that a district court "may take judicial notice of its own files and records" (internal quotation marks and citations omitted)). So, the court also will take judicial notice of this detail. And, the discrepancy is of no bearing on the pending motion because the court understands the crux of plaintiff's request.

(Doc. 3) includes an Affidavit of Financial Status (Doc. 3-1) supporting her request.

Title 28 U.S.C. § 1915(a)(1) authorizes the court to permit Ms. Meyer to commence an action without prepayment of fees—*i.e.*, to proceed *in forma pauperis* (IFP)—if certain conditions are satisfied.  Although the statute speaks of incarcerated individuals, it "applies to all persons applying for IFP status, and not just to prisoners."  *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (citations omitted).

Section 1915(a)(1) requires that plaintiff demonstrate her inability to afford the costs of litigation.  28 U.S.C. § 1915(a)(1).  The court has "wide discretion" to grant motions to proceed IFP.  *United States v. Garcia*, 164 F. App'x 785, 786 n.1 (10th Cir. 2006) (internal quotation marks and citation omitted).  But, the court may not rule such requests arbitrarily or erroneously.  *Id.*  Thus, "to succeed on a motion to proceed IFP," a movant simply "must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument . . . in support of the issues raised in the action."  *Lister*, 408 F.3d at 1312 (citation omitted).

Exercising its discretion, the court finds that Ms. Meyer has made this requisite showing.  Her motion asserts she is "unable to pay the filing fee."  Doc. 3 at 1.  And, the affidavit attached to her motion testifies that Ms. Meyer is unemployed and has no financial assets at all.  Doc. 3-1 at 2, 4–5.  Last, Ms. Meyer's Complaint alleges "a reasoned, nonfrivolous argument . . . in support of the issues raised in the action."  *Lister*, 408 F.3d at 1312 (citation omitted).  So, Ms. Meyer has "show[n] a financial inability to pay the required filing fees" for facially legitimate allegations.  *Id.*

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion For Leave to File Complaint In Forma Pauperis (Doc. 3) is granted.  The Clerk is directed to prepare a summons on her behalf under Fed. R. Civ. P. 4.  In addition, the Clerk shall issue the summons to the United States Marshal or Deputy Marshal, who the court appoints to effect service under Fed. R. Civ. P. 4(c)(3).

**IT IS SO ORDERED.**

**Dated this 19th day of August, 2021, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**