IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

A.L.M.,[1]

      **Plaintiff,**

v.

      Case No. 21-2353-DDC

**KILOLO KIJAKAZI,**
**Acting Commissioner of Social Security,**

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff has filed an "Unopposed Application for Attorney Fees Under the Equal Access to Justice Act" (Doc. 20). The motion asks the court to award $5,687.38 in attorney's fees under 28 U.S.C. § 2412. *See id.* at 1. The government doesn't oppose the requested fee award. *See id.* (reciting that the motion is "Unopposed" and asserting that counsel for the Commissioner has advised that "'the Commissioner has no objection to [plaintiff's] request for $5,687.38 in EAJA fees'" and that plaintiff "'may file the motion as unopposed'"). Finding this amount reasonable and because the motion is unopposed, the court grants the request.

The Equal Access to Justice Act ("EAJA") provides that "a court shall award to a prevailing party[,] other than the United States[,] fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

---

[1]     The court uses plaintiff's initials here as part of its efforts to preserve privacy interests.

The court has a duty to review the reasonableness of a request for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). The court should allow fees for "all hours reasonably expended on the litigation[.]" *Id.* at 435. Hours are reasonably expended when they were "necessary under the circumstances." *Southern v. Kijakazi*, No. 21-2053-JWB, 2021 WL 5493073, at *1 (D. Kan. Nov. 23, 2021) (citing *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998)). Also, an attorney must bill the hours at a "reasonable hourly rate." *Robinson*, 160 F.3d at 1281 (first citing *Hensley*, 461 U.S. at 433; then citing *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997)). Section 2412 allows a maximum hourly rate of $125, which the court may increase for cost of living or other special factors. 28 U.S.C. § 2412(d)(2)(A)(ii); *accord Sieber v. Berryhill*, No. 17-2630-JWL, 2018 WL 3389888, at *2 (D. Kan. July 12, 2018) (citing *Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 521 (10th Cir. 1993)).

Here, the court finds—and the parties don't dispute—that plaintiff is a prevailing party in a civil action against the United States and thus is entitled to fees and expenses incurred.[2] After reviewing the file, the court concludes that plaintiff was a prevailing party in a social security appeal against the United States. Doc. 1 at 1; Doc. 19. Also, the court finds that plaintiff requests attorney's fees for hours reasonably expended on the litigation. *See* Doc. 20 at 1–2; Doc. 20-1. In other words, the hours expended were necessary under the circumstances, and the attorney billed the hours at a reasonable hourly rate.[3] *See* Doc. 20-1. Additionally, as already

---

[2] The United States does not argue that its position was substantially justified, so the court need not address this question.

[3] Plaintiff's counsel calculated the attorney's fee request using the statutory maximum hourly rate of $125, multiplied by the consumer price index ("CPI") for the Midwest Region, and divided by the CPI for the month when the statutory cap was imposed (Mar. 1996). Doc. 20-1 at 2. Our court "routinely" uses the Midwest Region CPI to calculate the cost of living adjustment to the $125 statutory cap. *See, e.g.*, *Southern v. Kijakazi*, No. 21-2053-JWB, 2021 WL 5493073, at *2 (D. Kan. Nov. 23, 2021). Thus, the court finds plaintiff's fee calculation reasonable.

discussed, the United States does not oppose plaintiff's request.  *See* Doc. 20 at 1.  For these reasons, the court grants plaintiff's unopposed request for attorney's fees.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's "Unopposed Application for Attorney Fees Under the Equal Access to Justice Act" (Doc. 20) is granted.  Under 28 U.S.C. § 2412, plaintiff is granted attorney's fees in the amount of $5,687.38.  The check should be made payable to plaintiff and mailed to plaintiff's attorney's address.

**IT IS SO ORDERED.**

Dated this 15th day of April, 2022, at Kansas City, Kansas.

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**

3