IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

A.L.M.,[1]

|  |  |
|---|---|
| **Plaintiff,** | **Case No. 21-2353-DDC** |

v.

**FRANK BISIGNANO,[2]**
**Commissioner of the Social Security**
**Administration,**

**Defendant.**

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's Motion for Attorney Fees (Doc. 23).

Plaintiff's counsel seeks $17,577 in attorney fees under 42 U.S.C. § 406(b).  For the following

reasons, the court grants plaintiff's Motion for Attorney Fees (Doc. 23), and awards reasonable

attorney fees of $17,577.  The court also reminds plaintiff's counsel—once he receives the

$17,577 awarded by this Order—to refund the plaintiff the smaller fee amount ($5,687.38)

granted to him under the Equal Access to Justice Act ("EAJA").

## I.       Background

Plaintiff hired counsel to prosecute her claim for Social Security benefits on a standard,

contingency basis of 25% of past-due benefits.  Doc. 23-1 at 1 (showing counsel retained on May

---

[1]       As part of the court's efforts to preserve the privacy interests of Social Security claimants, it has
decided to caption its orders using only plaintiff's initials.

[2]       Frank Bisignano was confirmed as the Commissioner of the Social Security Administration in
2025.  The court thus substitutes Mr. Bisignano as the defendant here under Fed. R. Civ. P. 25(d).  Under
the last sentence of 42 U.S.C. § 405(g), neither the parties nor the court needs to take further action to
complete this process.

7, 2021).  Plaintiff then filed a Complaint appealing the administrative decision denying her benefits.  Doc. 1.  On an unopposed motion, the court reversed the decision of the Commissioner and remanded the case for further proceedings.  Doc. 18.  The court also awarded attorney fees under the EAJA in the amount of $5,687.38.  Doc. 22 at 3.

Plaintiff received notice of award of past benefits due on May 13, 2025.  Doc. 23-2 at 1. Plaintiff now asks the court to award attorney fees under the Social Security Act ("SSA"), 42 U.S.C. § 406(b).  Doc. 23.  Plaintiff asks for slightly less than 25% of the past-due benefits, requesting $17,577 even though 25% of plaintiff's award is $21,638.25.  *Id.* at 2.  Plaintiff's request reflects her counsel's hourly rate of $202.50 multiplied by the 31 hours he worked, then multiplied by 2.8.[3]  *Id.*  Plaintiff's counsel has provided records reflecting the time he worked on this case.  Doc. 23-3.  And he acknowledges that the EAJA requires him to refund to plaintiff the lesser of any EAJA fees received and the fees awarded under 42 U.S.C. § 406.  *See* Doc. 23 at 2.

The Commissioner of the Social Security Administration has filed a response to plaintiff's motion.[4]  Doc. 26.  The Commissioner does not oppose the fee request, but he asks the court to determine whether the fee is reasonable.  *Id.* at 1.  The Commissioner also notes that an attorney cannot accept fees under both § 406(b) and the EAJA.  *Id.* at 2.  Should plaintiff's

---

[3]    Our court has approved a 2.8 multiplier for Social Security attorneys in the past.  *E.g.*, *D.L. v. O'Malley*, No. 22-CV-1199-JAR, 2024 WL 382626, at *2 n.11 (D. Kan. Feb. 1, 2024); *M.B. v. O'Malley*, No. 20-CV-2453-JAR, 2024 WL 2818137, at *2 (D. Kan. June 3, 2024).  The logic behind this multiplier is that "claimants in social security cases ultimately prevail in approximately 36 percent of cases."  *D.L.*, 2024 WL 382626, at *2 n.11.  "To make up for the risk of loss, counsel would need to charge a winning client an amount 2.8 times the fee the attorney would have charged a client paying on a non-contingent basis."  *Id.*; *see also Thurman v. Bisignano*, No. 24-2344-JWL, 2026 WL 820220, at *3 (D. Kan. Mar. 25, 2026) (recognizing that "the contingent nature of the fee justifies a fee award in Social Security cases when the claimant prevails which is higher than normal hourly rates").

[4]    Even though the Social Security Administration has no direct financial stake in in the outcome of § 406(b) litigation, courts allow the Commissioner to respond to attorney fees motions because the Commissioner "plays a part in the fee determination resembling that of a trustee for the [plaintiff]." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

2

counsel receive fees under both, the Commissioner asks the court to order plaintiff's counsel to refund the smaller of the two fees. *Id.*

## II.        Legal Standard

Title 42 U.S.C. § 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a claimant . . .  the court may determine and allow as part of its judgment a reasonable [attorney] fee . . . not in excess of 25 percent of the total of the past-due benefits." This statute allows the court to award attorney fees after remanding the case if the Commissioner eventually awards past-due benefits. *McGraw v. Barnhart*, 450 F.3d 493, 503 (10th Cir. 2006). Attorneys may seek fees under both the EAJA and the SSA when handling Social Security cases in court. *Id.* at 497.  If counsel receives fees under both the EAJA and the SSA, counsel must refund the smaller amount. *Id.*  The amount of the fee awarded under § 406(b) is committed to the district court's sound discretion. *Id.* at 505.

The Supreme Court has concluded that—though § 406(b) does not displace contingent-fee agreements between a Social Security plaintiff and his counsel—the statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  When testing a contingent-fee award for reasonableness, the Supreme Court outlined the following factors as appropriate reasons to reduce the fee award:

> (1) when "the character of the representation and the results the representative achieved" were substandard; (2) when "the attorney is responsible for delay" that causes disability benefits to accrue "during the pendency of the case in court"; and (3) when "the benefits are large in comparison to the amount of time counsel spent on the case."

*Gordon v. Astrue*, 361 F. App'x 933, 935 (10th Cir. 2010) (quoting *Gisbrecht*, 535 U.S. at 808).

**III.        Analysis**

Following the governing legal standard set out above, the court first examines the contingent-fee agreement between plaintiff and his counsel.  Under this agreement, plaintiff hired his counsel on a standard contingency basis of 25% of past due benefits.  Doc. 23-1 at 1.  Plaintiff's counsel now requests $17,577 in attorney fees—less than 25% of plaintiff's awarded, past-due benefits.  Doc. 23 at 2.  Plaintiff's counsel asserts that this amount represents a reasonable fee.  Doc. 24 at 2.

Under the first factor, the court considers the overall result of the case and the character of the representation.  *Gordon*, 361 F. App'x at 935.  Plaintiff's counsel secured from this court a remand for further proceedings, which led to a favorable decision for plaintiff.  Doc. 18.  On remand, the Administrative Law Judge found plaintiff was disabled beginning in April of 2019 with retroactive benefits beginning in October of 2018.  Doc. 23-2 at 1.  Because plaintiff's counsel secured an overall favorable result for his client, this factor favors a finding that the requested fee is reasonable.

When analyzing the second factor, the court considers whether plaintiff's counsel has caused a delay, allowing benefits to accrue.  *Gordon*, 361 F. App'x at 935.  Plaintiff hasn't addressed this factor.  *See* Doc. 23; Doc. 24.  But plaintiff never sought an extension to file a brief, so the court discerns no basis to conclude that her counsel is responsible for any delay in this case.

Finally, the court considers whether the fee is reasonable compared to the time counsel spent on the case.  *Gordon*, 361 F. App'x at 935.  Plaintiff's counsel has submitted time records showing that he spent 31 hours working on this case.  Doc. 23-3.  He seeks an hourly rate of $202.50 and a 2.8 multiplier for the risk of contingency-fee work, yielding a total fee of $17,577 (which equals $202.50 x 31 x 2.8).  Doc. 23 at 2.  This fee is reasonable.  Our court routinely

approves comparable (and greater) hourly awards in social-security cases. *See Thurman*, 2026 WL 820220, at *2 (compiling cases). So, the court finds plaintiff's requested fee reasonable.

Considering all of the relevant factors, the court concludes that they favor finding the requested fee award reasonable. The court thus grants plaintiff's Motion for Attorney Fees (Doc. 23).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Attorney Fees (Doc. 23) is granted. Plaintiff's attorney, Roger M. Driskill, is entitled to $17,577 in attorney fees under 42 U.S.C. § 406(b). The Commissioner shall pay the fees from the amount which he is withholding from plaintiff's past-due benefits.

**IT IS FURTHER ORDERED THAT** plaintiff's attorney, Roger M. Driskill, must refund to plaintiff $5,687.38 from his Equal Access to Justice Act fees after he receives $17,577 in attorney fees from the Commissioner.

**IT IS SO ORDERED.**

**Dated this 2nd day of April, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

5